IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHANG YONG<br>165 East Lake Road<br>Wuhan, Hubei 430077<br>The People's Republic of China | * | CIVIL ACTION NO. |
| **Plaintiff,** | * | |
| v. | * | |
| UNITED STATES OF AMERICA | * | |
| <u>Service On</u>:<br>United States Attorney's Office<br>for the District of Columbia<br>Civil Process Clerk, 4th Floor<br>501 3rd Street, N.W.<br>Washington, D.C. 20530 | * | |
| **Defendant.** | | |

\* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Comes now Plaintiff, Shang Yong, by and through its undersigned attorneys, and files this Complaint against the United States of America seeking damages, and with good cause states as follows:

### Introduction

1. Plaintiff's Complaint arises out of an occurrence happening on or about September 6, 2002 in the District of Columbia at the intersection of Observatory Circle and Massachusetts Avenue.

2. On this date, a collision occurred between Plaintiff, who was riding on his bicycle within a cross-walk, and Corporal (CPL) John Le Uhquet, who was operating a motor vehicle proceeding through the cross-walk.

3. At the time of the occurrence, CPL Le Uhquet was acting within the scope of his duty as a member of the British Air Force and was stationed at the British Embassy in Washington, D.C.

### The Parties

4. Plaintiff incorporates paragraphs 1-3 as if fully set forth herein.

5. The Plaintiff is a citizen and resident of The People's Republic of China.

6. The United States is the proper party Defendant to this suit in accordance with the Federal Tort Claims Act (FTCA), Title 28 U.S.C. §§ 2671 *et seq.*, and the North Atlantic Treaty Organization (NATO) Status of Forces Agreement (SOFA). For purposes of the SOFA, CPL Le Uhquet is assimilated into the United States Military, and therefore under the FTCA is an employee of the Government. Claims against employees of the United States are properly brought against the United States under the FTCA.

### Jurisdiction and Venue

7. Plaintiff incorporates paragraphs 1-6 as if fully set forth herein.

8. Pursuant to Title 28 U.S.C. § 1346, this Court has exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.

9. Pursuant to Title 28 U.S.C. § 1402, venue in this Court is proper because the act complained of occurred in the District of Columbia.

### Factual Background

10. Plaintiff incorporates paragraphs 1-9 as if fully set forth herein.

11. On September 6, 2002, at approximately 10:15 a.m., Plaintiff was riding his bicycle on his way to classes as a visiting scholar in the Department of International Economics, the Paul H. Nitze School of Advanced International Studies, Johns Hopkins University.

12. Plaintiff rode along the sidewalk on the west side of Massachusetts Avenue.

13. Plaintiff approached the intersection of Massachusetts Avenue and Observatory Circle.

14. Plaintiff, with a favorable traffic signal and exercising due care, entered the cross-walk and proceeded to cross Observatory Circle.

15. While Plaintiff was crossing within the cross-walk on Observatory Circle, a motor vehicle operated by CPL Le Uhquet negligently made a right hand turn onto Observatory Circle and into the cross-walk causing a collision to occur with Plaintiff.

16. Plaintiff suffered sever physical injuries from the collision and was rushed to Georgetown University Hospital for treatment.

17. Plaintiff, pursuant to the FTCA, timely submitted his claim to the Department of the Army, U.S. Army Claims Service, for consideration.

18. The U.S. Army Claims Service denied the claim and Plaintiff therefore files this lawsuit.

## COUNT I–NEGLIGENCE

19. Plaintiff incorporates paragraphs 1-18 as if fully set forth herein.

20. CPL Le Uquet owed a duty to Plaintiff to exercise reasonable care in the operation of his motor vehicle.

21. CPL Le Uquet breached the duty owed to Plaintiff by failing to keep a proper lookout, by failing to yield the right of way to the Plaintiff and by otherwise failing to operate his vehicle in a prudent manner, and CPL Le Uquet had the last clear chance to avoid the collision.

22. As a direct and proximate cause of CPL Le Uquet's breach, Plaintiff has been damaged.

23. Plaintiff has endured severe pain and suffering and has incurred monetary damages arising from CPL Le Uquet's breach.

24. Plaintiff at all times acted with reasonable care.

25. On the day of the occurrence, CPL Le Uquet was acting within the scope of his duties as a member of the British Air Force. Thus, for purposes of SOFA, CPL Le Uhquet is assimilated into the United States Military.

26. CPL Le Uquet, therefore, under the FTCA is considered an employee of the Government.

27. Claims against employees of the United States Government are properly brought against the United States under the FTCA.

WHEREFORE, Plaintiff demands judgment against the United States of America in the amount of Six Hundred Thousand Dollars ($600,000.00) for the damages suffered by Plaintiff as a result of CPL Le Uhquet's breach of his duty to exercise reasonable care.

*Thomas V. McCarron* (signature)
Thomas V. McCarron, Federal D.C. Bar # 465948
Semmes, Bowen & Semmes,
250 West Pratt Street
Baltimore, Maryland 21201-2423
(410) 539-5040
*Attorneys for Plaintiff*