UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHANG YONG, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 05-01564 (RWR) |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § § | |

### DEFENDANT'S ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, United States of America, by and through the United States Attorney for the District of Columbia, and, for its Answer to the Plaintiff's Complaint in the above entitled and numbered cause, herein admits, denies, and alleges as to the enumerated paragraphs of Plaintiff's Complaint as follows:

### Introduction

1.  Paragraph 1 contains general allegations to which no response is required.  Should an answer be required, Defendant admits Plaintiff's Complaint arises out of an incident alleged to have taken place on September 6, 2002 in the District of Columbia in the vicinity of Massachusetts Avenue and Observatory Circle.

2.  Defendant admits that on 6 September 2002, Plaintiff collided into the right rear panel of a vehicle being driven by Corporal John Le Huquet as Corporal Huquet turned from Massachusetts Avenue onto Observatory Circle.  Defendant denies any inference or allegation of negligence.

3. Defendant admits the truth of the allegations in paragraph 3.

### The Parties

4. Defendant incorporates by reference all of its previous responses to paragraphs 1 through 3 of this answer in response to Plaintiff's incorporation by reference of its allegations contained in those numbered paragraphs.

5. Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 5.

6. Paragraph 6 contains allegations regarding jurisdiction to which no response is required. Should an answer be required, Defendant admits that the Federal Tort Claims Act is the proper jurisdictional basis for claims sounding in tort brought against the United States pursuant to the North Atlantic Treaty Organization (NATO) Status of Forces Agreement (SOFA) for claims arising out of acts or omissions of members of a force (as defined by the NATO SOFA) done in the performance of official duty that cause damage in the territory of the receiving state to third parties.  Allegations as to whether jurisdiction exists state a conclusion of law which is reserved to the Court for determination and as to which no response is required.   Defendant denies that Corporal Le Huquet is assimilated into the United States Military or is an employee of the United States Government.

7.  Defendant incorporates by reference all of its previous responses to paragraphs 1 through 6 of this answer in response to Plaintiff's incorporation by reference of its allegations contained in those numbered paragraphs.

8. Paragraph 8 contains allegations regarding jurisdiction to which no response is required.

9. Paragraph 9 contains allegations regarding venue to which no response is required.

Factual Background

10. Defendant incorporates by reference all of its previous responses to paragraphs 1 through 9 of this answer in response to Plaintiff's incorporation by reference of its allegations contained in those numbered paragraphs.

11. Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 11.

12. Defendant admits the truth of the allegations in paragraph 12.

13. Defendant admits the truth of the allegations in paragraph 13.

14. Defendant denies the truth of the allegations in paragraph 14.

15. Defendant denies the truth of the allegations in paragraph 15.

16. Defendant denies the truth of the allegations in paragraph 16.

17. Defendant admits the truth of the allegations in paragraph 17.

18. Defendant admits the truth of the allegations in paragraph 18.

19. Defendant incorporates by reference all of its previous responses to paragraphs 1 through 18 of this answer in response to Plaintiff's incorporation by reference of its allegations contained in those numbered paragraphs.

20. Defendant admits the truth of the allegations in paragraph 20 but denies any inference or allegation of negligence.

21. Defendant denies the truth of the allegations in paragraph 21.

22. Defendant denies the truth of the allegations in paragraph 22.

23. Defendant denies the truth of the allegations in paragraph 23.

24. Defendant denies the truth of the allegations in paragraph 24.

25. Defendant admits that Corporal Le Huquet was acting within the scope of his duties as a member of the British Air Force on the day of the occurrence, but denies that Corporal Le Huquet is "assimilated into the United States Military."

26. While denying that Corporal Huquet is factually assimilated into the United States Military or is an employee of the United States Government, the Defendant admits that under the NATO SOFA, under certain conditions the United States is the proper party for suits arising out of acts or omissions of members of a force (as defined by the NATO SOFA) done in the performance of official duty that cause damage in the territory of the receiving state to third parties.

27. While denying that claims in general against employees of the US Government are necessarily properly brought against the United States under the FTCA, the Defendant admits that the US Government has waived sovereign immunity under certain circumstances for the negligent acts or omissions of government employees acting within the scope of their employment.

   Plaintiff's concluding paragraph essentially contains a prayer for relief for which a response is not required. To the extent a response could be construed as being required, Defendant denies the truth of the allegations in Plaintiff's concluding paragraph or any inference of negligence therein, and denies the Plaintiff is entitled to any relief.

   To the extent necessary, where not admitted, denied, or qualified, Defendant denies each and every remaining allegation contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's cause of action is subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. sections 1346(b), 2671 et seq.

2. Plaintiff is not entitled to pre-judgment interest.

3. Plaintiff is not entitled to any equitable recovery.

4. Plaintiff may not recover in excess of the amount claimed in his administrative claim.

5. Plaintiff failed to exhaust his administrative remedies.

6. Plaintiff's Complaint fails to state a claim against the United States upon which relief can be granted.

7. Plaintiff's current action is barred for lack of jurisdiction.

8. Plaintiff's cause of action is barred by the doctrine of contributory negligence.

9. Defendant is not liable for Plaintiff's injuries to the extent that another actor or actors' negligence were intervening or new or superceding causes of the alleged injuries.

10. In the unlikely event that the Defendant is found liable for injuries and damages allegedly sustained by Plaintiff, which Defendant denies, then Defendant can only be held liable for its alleged negligence which proximately caused the aggravation of decedent's medical condition and not for his pre-existing condition(s) itself.

11. Plaintiffs' recovery is subject to offset for any amounts already paid by the United States under TRICARE, CHAMPUS, Social Security, MEDICARE, MEDICAID, or other federal program or federal health plan.

12. Defendant reserves the right to assert additional defenses based on information obtained and/or developed during discovery.

WHEREFORE, PREMISES CONSIDERED, the United States of America, Defendant, respectfully prays that upon final hearing thereof, the Court will enter judgment in favor of the

Defendant and against Plaintiff in all things, and dismiss the above styled and numbered cause in its entirety with prejudice, awarding Defendant costs, if any, and for all such other and further relief at law or in equity to which the Defendant may be justly entitled.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
DC Bar Number 451058


R. CRAIG LAWRENCE
ASSISTANT UNITED STATES ATTORNEY
DC Bar Number 171538

_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 353-9895


CERTIFICATE OF SERVICE

Pursuant to Federal rule of Civil Procedure 5, I certify that a true and exact copy of the foregoing was served by First Class Mail, Postage Pre-paid this 1st day of October 2005 to:

Thomas McCarron
Semmes, Bowen, & Semmes
250 West Pratt Street
Baltimore, MD 21201

_____
KEVIN K. ROBITAILLE
Special Assistant U. S. Attorney