UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANG YONG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 05-1564 (RWR) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

## JOINT RULE 16.3 REPORT

The parties hereby submit their Joint Rule 16.3 Report:

(1) Whether the case is likely to be disposed of by dispositive motion and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

There are no dispositive motions pending.  Defendant may file a dispositive motion at the close of discovery and Plaintiff reserves the right to file a dispositive motion on the issue of liability.

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

The parties agree that the issues may be narrowed following discovery and that motions to join and amend should be filed by January 15, 2006.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

At this time all the Parties do not consent to assignment to a magistrate judge, except for the purposes of mediation in the event the parties conduct mediation.

(4) Whether there is a realistic possibility of settling the case.

Both parties are always willing to consider in good faith any reasonable offer of settlement, the Defendant does not believe that settlement is likely at this time. Plaintiff consents to a mediation

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The Parties anticipate mediation may be worthwhile as discovery advances.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Defendant believes the case may be resolved by a dispositive motion and Plaintiff believes he may be entitled to a dispositive motion on the issue of liability. The Parties agree that dispositive motions should be filed not later than 45 days following the close of discovery; oppositions thereto should be due 30 days thereafter; and replies should be due 30 days after filing of oppositions.

(7) Whether the Parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The Parties agree that initial disclosures should be in accordance with Fed. R. Civ. P. 26(a)(1)

and should be disclosed by December 1, 2005.

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The Parties anticipate needing discovery on both findings and damages. The Parties propose 180 days for Discovery beginning January 3, 2006, followed by the motion schedule proposed in ¶ 6. The Parties agree to 25 interrogatories per side and 10 depositions per side. The Parties anticipate that protective order(s) may be required for information covered by the Privacy Act.

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

The Parties may use experts and make disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(2), and propose that Proponent Rule 26(a)(2)(B) reports be due by April 3, 2006 and Opponent reports be due by May 20, 2006.

(10) In class actions, appropriate procedures.

Not applicable.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The Parties do not anticipate the need for a bifurcated trial or managing in stages in this case.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The Parties propose that the date for the pretrial conference be set following the close of discovery and resolution of any dispositive motion.

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The Parties propose that the trial date be set at the pre-trial conference.

(14) Such other matters that the Parties believe may be appropriate for inclusion in a scheduling order.

The Parties are not aware of any additional matters.

(15) Statements of the Case:

**Defendant:**

Plaintiff Yong was riding his bicycle south on a sidewalk parallel to Massachusetts Avenue, NW, Washington, D.C. Corporal Le Huquet, a member of the British Air Force, was driving a rental vehicle also south on Massachusetts Avenue. At the intersection of Massachusetts Avenue and Unit Block, Observatory Circle, Corporal Le Huquet made a right turn. As he was traversing the pedestrian crosswalk, he was struck in the right rear quarter panel by the Plaintiff. The accident location is at the 3200 block of Massachusetts Avenue. The Avenue slopes downhill in the direction of both Plaintiff and Le Huquet travel (prior to his turn). The entrance to Observatory Circle is actually two roads, each two lanes wide, allowing travel in both directions. The roads are separated by a fifteen-foot wide island. The first road (if traveling south on Massachusetts Avenue and turning right) is actually the entrance to the Observatory. At the time of the accident, it was heavily barricaded and was a controlled access after bearing right upon entering the circle. The second road,

location of the accident, is on the other side of the island. It bears left away from the Observatory entrance in the direction of the British and New Zealand Embassies. It was also a controlled access, although there were no barriers. Le Huquet had turned into the second road. The Plaintiff struck the rental vehicle after crossing the first road and the island.

**Plaintiff:**

On September 6, 2002, Plaintiff was riding his bicycle on the sidewalk on the west side of Massachusetts Avenue in the 3200 block approaching the intersection with Observatory Circle just past the Naval Observatory. The intersection of Observatory Circle with Massachusetts Avenue is controlled by a traffic control signal facing traffic heading south on Massachusetts Avenue. The traffic light facing both Corporal Le Huquet and Plaintiff was green. The intersection with Massachusetts Avenue and Observatory Circle, while it has two sections of roadway with a small median in between, is nevertheless one solitary cross-walk as indicated among other things by the placement of traffic control devices and a singular set of cross-walk designations. After Plaintiff, on a green light, entered the intersection, Corporal Le Huquet, who is an employee of the British Air Force stationed at the British Embassy in Washington, D.C. very near where the accident took place, made a right turn directly in front of Plaintiff off Massachusetts Avenue onto Observatory Circle, cutting off Plaintiff's right-of-way. Plaintiff applied his brakes and turned his steering bar in order to avoid the accident, was not able to avoid colliding into the car driven by Corporal Le Huquet. The Defendant was at-fault for not applying a right turn signal and for not yielding the right-of-way to the Plaintiff who was already in the cross-walk before Le Huquet began to make his right turn. The Plaintiff was thrown off his bicycle and landed in a sitting position. He had to be taken to Georgetown University Hospital, where it was determined that the Plaintiff had fractured his L2

vertebral body with spinal canal encroachment and resultant narrowing of the L1-2 disc space.

Plaintiff has a 12% permanant impairment.

                                          Respectfully submitted,

| | |
|---|---|
| /s with permission Kevin Robitaille | /s |
| THOMAS V. McCARRON, | KENNETH L. WAINSTEIN, D.C. Bar # 451058 |
| Attorney for Plaintiff | United States Attorney |

                                          /s
                                    R. CRAIG LAWRENCE, D.C. Bar # 171538
                                    Assistant United States Attorney

                                          /s
                                    KEVIN K. ROBITAILLE
                                    Special Assistant U.S. Attorney
                                    Civil Division
                                    555 Fourth St., N.W.
                                    Washington, D.C.  20530
                                    202-353-9895  / FAX 202-514-8780